IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **ALLENE W. BRICE,** | : |
| | : |
| **Plaintiff,** | : |
| v. | : |
| | :  CIVIL ACTION NO.  **2:06cv392** |
| | : |
| **TERRY JENKINS, Director,** | : |
| Virginia Beach Department of | : |
| Human Services, | : |
| **JANICE ROUSSEL,** Fraud | : |
| Investigator, Virginia Beach | : |
| Department of Human Services, | : |
| **SONIA ROSE,** Fraud | : |
| Investigator, Virginia Beach | : |
| Department of Human Services, | : |
| **CITY OF VIRGINIA BEACH** | : |
| **OFFICE OF THE COMMONWEALTH** | : |
| **ATTORNEY, HARVEY L. BRYANT,** | : |
| Commonwealth Attorney, | : |
| and **CANDICE R. BEASLEY,** | : |
| Assistant Commonwealth | : |
| Attorney | : |
| | : |
| **Defendants.** | : |

**OPINION AND ORDER**

Plaintiff Allene W. Brice, a Norfolk Social Services employee, pled guilty to the crime of obtaining disaster relief food stamps under false pretenses. See Va. Code Ann. § 63.2-522. She has now filed suit against the investigators and prosecutors who brought her to justice, alleging selective prosecution,

1

retaliation, intentional infliction of emotional distress, and defamation.  However, Brice has no evidence of improper investigation or prosecution; she instead bases her entire claim upon the fact that African-Americans constituted a majority of the individuals investigated and prosecuted for fraudulently obtaining disaster food stamps issued in the wake of Hurricane Isabel.  Because the prosecutors have absolute immunity and the investigators exculpated almost as many African-Americans as they referred for prosecution, the Court **GRANTS** defendants' Motion to Dismiss (Docket No. 4) and Motion for Summary Judgment (Docket No. 10).

## I.  Factual and Procedural History

Hurricane Isabel struck southeastern Virginia in September 2003, causing flooding, substantial wind damage, and lengthy power outages.  To ameliorate the effects of this devastating storm, the United States Department of Agriculture ("USDA") issued disaster food stamps to qualified individuals.  Several years later, the USDA became concerned that certain individuals affiliated with the disaster relief efforts had fraudulently procured food stamps for themselves.

Pursuant to an agreement with the USDA, the Virginia Department of Social Services ("VaDSS") tasked the Virginia Beach

Department of Human Services("VBDHS") with responsibility for investigating the legality of food stamp applications submitted by certain social services employees located in Virginia Beach, Norfolk, Chesapeake and York County, Virginia.  VaDSS identified 43 employees for investigation and specified certain issues that VBDHS was to consider when reviewing employees' food stamp applications.  To avoid the appearance of a conflict of interest, VBDHS declined to investigate 13 of the individuals who were employed by the City of Virginia Beach.  The investigation of those employees was referred to the City's auditing department.

Defendant Terry Jenkins, the Director of VBDHS, assigned defendants Rose and Roussel to investigate the 30 non-Virginia Beach social services employees identified by VaDSS.  Twenty-seven of the targeted individuals were African-American, one was Hispanic, one was Caucasian or Native-American, and one was of undetermined ethnicity.

Upon completing their investigation, Roussel and Rose reported their findings to defendant Harvey L. Bryant, the Commonwealth Attorney for the City of Virginia Beach.  At his direction, Assistant Commonwealth Attorney Candice R. Beasley (also a defendant) prosecuted 15 of the 27 African-American employees, as well as the Caucasian/Native-American employee.  Plaintiff Brice was one of the employees prosecuted.  As noted above, she pled guilty to the charges filed against her.

## **II. Analysis**

### A. **Standards of Review**

The standards the Court applies in its consideration of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are well established.  The purpose of such a motion is to test the legal sufficiency of a plaintiff's complaint rather than the factual allegations made in support of the plaintiff's claims.  Hall v. Commonwealth, 385 F.3d 421, 427 (4th Cir. 2004); Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).  However, the use of "a few conclusory legal terms" will not insulate a plaintiff's complaint from dismissal when the factual allegations in the complaint do not support the legal conclusion.  Trulock v. Freeh, 275 F.3d 391, 405 n.9 (4th Cir. 2001) (citing Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001)).

Summary judgment, on the other hand, is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Seabulk Offshore, Ltd. V. American Home Assurance Co., 377 F.3d 408, 418 (4th Cir. 2004).  Summary

judgment shall be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322; see also Johnson v. Pearson, 316 F. Supp. 2d 307, 313 (E.D. Va. 2004). Further, trial judges have an "affirmative obligation to prevent 'factually unsupported claims' . . . from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987); see Celotex Corp., 477 U.S. at 323.

The Court is mindful that a pro se plaintiff's complaint, "however inartfully pleaded," is subjected to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). The Court further notes that the "district courts must be especially solicitous of civil rights plaintiffs." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); see also Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390 (4th Cir. 1990). However, the liberal construction applied to a pro se plaintiff's complaint has its limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Johnson v. Pearson, 316 F. Supp. 2d 307, 313-14 (E.D. Va. 2004). The Court is not required to "conjure up questions never squarely presented" in the complaint. Beaudett, 775 F.2d at 1278; see also Bracey, 55 F. Supp. 2d at 421.

### B. The Prosecutors

Section 1983 of Title 42 of the United States Code states that a court shall not grant relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity." 42 U.S.C. § 1983. While prosecutors operating in some functions outside the judicial realm, such as investigation or administration, may be covered with only qualified immunity, prosecutors engaged solely in a prosecutorial function are covered with absolute immunity. See Burns v. Reed, 500 U.S. 478, 483 (1991). "Prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Id. (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)); see also Goldstein v. Moatz, 364 F.3d 205, 213 (4th Cir. 2004).

Because they acted solely in a judicial function, defendants Bryant and Beasley are cloaked with absolute immunity in this civil suit. Plaintiff does not allege that these defendants acted as investigators and admits that the first time she had any contact with the prosecutors was after she was indicted. Moreover, VBDHS has presented uncontroverted evidence that it alone investigated the employees. The prosecutors' Motion to Dismiss therefore is **GRANTED**.

### C.  **The Investigators**

Civilly actionable selective prosecution occurs when the prosecution had a discriminatory effect and was pursued for a discriminatory purpose.  See United States v. Olvis, 97 F.3d 739, 743 (4th Cir. 1996).  The plaintiff must prove these elements by "clear evidence," id., and establish that similarly situated individuals of a different race were not prosecuted and the decision to prosecute was invidious or in bad faith.  Id. at 739 (citing United States v. Armstrong, 517 U.S. 456 (1996)).

Plaintiff's sole reliance upon the raw numbers of African-Americans investigated and indicted is misplaced and insufficient to prove a claim of selective prosecution.  First, VBDHS did not choose to investigate plaintiff; her case was assigned to them by VaDDS.  VaDDS had a legitimate reason to target plaintiff as evidenced by her guilty plea admission that she did, in fact, commit food stamp fraud.[1]  Second, plaintiff cannot identify any employee of another race who engaged in fraud but was not prosecuted.  Conversely, of the 27 African-Americans investigated, 13 were exonerated.  Since there is no evidence of

---

[1] At oral argument on defendants' motions, plaintiff claimed that she did not actually commit the crime to which she pled guilty.  Plaintiff is bound by her plea.  A federal court is powerless to hold a state judgment in error or take action that would render the state court action ineffectual.  Ward v. Va. Dep't of Corr., Civ. Action No. 2:03cv862, 2005 WL 1667826, at *3 (E.D. Va. June 29, 2005) (applying Rooker-Feldman Doctrine).

7

discriminatory effect or purpose, plaintiff's claim of selective prosecution fails.

Plaintiff also asserts that she was prosecuted in retaliation for exposing racism in her department at the City of Norfolk. Again, there is no evidence to support this claim. The VBDHS investigators were not familiar with plaintiff, who worked in a separate city, and were not the ones who selected her for investigation. In order to establish retaliation, a plaintiff must, at a minimum, show that the defendant was aware that the plaintiff had engaged in a protected activity. Lewis v. City of Virginia Beach, 409 F. Supp. 2d 696, 707 (E.D. Va. 2006) (citing Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 501 (4th Cir. 2005); Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 655 (4th Cir. 1998)).

Plaintiff's claims of intentional infliction of emotional distress and defamation are also unfounded. Conduct rising to the level of intentional infliction of emotional distress must be "so outrageous in character . . . as to go beyond all possible bounds of human decency." Russo v. White, 400 S.E.2d 160, 162 (Va. 1991). Investigating and prosecuting someone who is guilty of food stamp fraud is neither outrageous nor outside the bounds of human decency. Nor is it defamatory to accuse someone of a crime they actually committed. See Jordan v. Kollman, 612 S.E.2d

203, 206 (Va. 2005) ("True statements do not support a cause of action for defamation.")

### III. Conclusion

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss (Docket No. 4) and Motion for Summary Judgment (Docket No. 10).

Plaintiff Brice may appeal this Opinion and Order by sending a written notice of appeal to the Clerk of the United States District Court, Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. This notice must be received within thirty (30) days of this Order. Fed. R. App. P. 4(a).

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to plaintiff Brice and to all counsel of record.

**IT IS SO ORDERED.**

                                                /s/
                                            Walter D. Kelley, Jr.
                                    UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 30, 2007